IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSA SANAD BEIRUTI,<br><br>             Plaintiff,<br><br>       vs.<br><br>CORRECTIONS CORPORATION OF<br>AMERICA AND ITS OFFICERS, et al.,<br><br>             Defendants. | Case No.: 1:09-cv-01041 JLT (PC)<br><br>FINDINGS & RECOMMENDATION<br>DISMISSING ACTION DUE TO PLAINTIFF'S<br>FAILURE TO KEEP THE COURT APPRISED<br>OF HIS CURRENT ADDRESS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed September 2, 2011, the Court reassigned this matter based upon the retirement of the previously assigned judge. (Doc. 40) However, on September 13, 2011, the Court's order was returned as undeliverable because Plaintiff was not longer at this address.

Pursuant to Local Rule 183(b), a party appearing in propria persona such as Plaintiff is required to keep the Court apprised of his current address at all times. Specifically, Local Rule 183(b) provides:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Over 83 days have passed since Plaintiff's mail was returned as undeliverable but Plaintiff has failed to notify the Court of his current address.

"District courts have inherent power to control their dockets," and in exercising that power, a

court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to comply with the Local Rules or to obey a court order, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; see also Ferdik, 963 F.2d at 1260-61; Thompson, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

Here, Plaintiff was warned by the Local Rule that dismissal would occur if he failed to keep the Court apprised of his address. L.R. 183(b). Moreover, Plaintiff has filed a Notice of Change of Address in the past when his address changed (Docs. 6, 7, 8, 38) so the Court finds that he is fully aware of this obligation. Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

**FINDINGS AND RECOMMENDATION**

In accordance with the above, it is **HEREBY RECOMMENDED** that:

1. This action be **DISMISSED** for Plaintiff's failure to keep the Court apprised of his address; and
2. The Clerk of the Court be directed to close this case.

1  These Findings and Recommendations are submitted to the United States District Judge assigned to the
2  case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice
3  for the United States District Court, Eastern District of California.  Within fourteen days after being
4  served with these Findings and Recommendations, any party may file written objections with the court.
5  Such a document should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendations."  The parties are advised that failure to file objections within the specified time may
7  waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10 Dated:   **December 5, 2011**                                          **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE