IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSA SANAD BEIRUTI,<br><br>          Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF<br>AMERICA AND ITS OFFICERS, et al.,<br><br>          Defendants.<br>_____/ | 1:09-cv-01041-LJO-JLT (PC)<br><br>ORDER DENYING MOTION FOR<br>APPOINTMENT OF COUNSEL<br><br>(Doc. 43) |

On December 19, 2011, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff's asserts that the appointment of counsel is necessary because he suffers from mental illness and severe depression and attaches numerous documents which reflect on-going medical treatment for his illness. (Doc. 43.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek

-1-

volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.

As to Plaintiff's contentions regarding his mental condition, he has attached many documents, including those related to an event occurring in 2006 and subsequent mental health treatment at that time, medications that he is currently prescribed as well as current mental health records.  (Doc. 43 at 3-41) He does not provide any evidence from any medical provider that his current mental state interferes with his ability to prosecute this action.  Indeed, on July 22, 2011, Plaintiff reported to mental health staff that he "feels better now that he is back on Seroquel" and reported that his "mood is much improved," he "denied] any perceptual disturbances or paranoia" and reported that his "mood is stable." Id. at 18.  Again, on July 27, 2011, he reported having "clear thinking" that he felt "better," he "reported] no acute issues" and "denied] mood problems." Id. at 19.  On August 12, 2011, Plaintiff reported that he was "doing just fine." Id. at 20.  On August 24, 2011, Plaintiff reported that he was "feeling much better" though he reported feeling paranoid around noon time. Id. at 21.  On September 7, 2011, Plaintiff reported that he "feels] good on medication." Id. at 22.  From this evidence, the Court must conclude that, though Plaintiff has a diagnosed mental health condition, he is able to function quite well on his medication.

Moreover, the Court finds that Plaintiff can adequately articulate his claims. Id.  In fact, both the instant motion as well as documents filed in support of his opposition to Defendant's motion to dismiss (Docs. 43 and 26), indicate that Plaintiff's illness has not prevented his continuing ability to litigate the issues involved in this case.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 20, 2011**                                  **/s/ Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE