IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSA SANAD BEIRUTI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF<br>AMERICA AND ITS OFFICERS, et al.,<br><br>　　　　Defendants. | Case No.:1:09-cv-01041-LJO-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATIONS IN FULL<br><br>(Doc. 47) |

　　　　Plaintiff is a federal prisoner proceeding pro se and in forma pauperis with an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

　　　　On December 30, 2011, the Magistrate Judge issued findings and recommendations that Defendant Morris' motion for summary judgment be granted. (Doc. 47) In particular, the Magistrate Judge determined that there was no evidence that Morris had any role in the alleged failure to provide Plaintiff nutritionally adequate substitute meals during the prison lookdown at issue. (Doc. 47 at 6) Indeed, the Magistrate Judge found that Plaintiff did not counter Morris' evidence that he "did not develop inmate menus, did not certify them, did not approve them, did not prepare any meals and did not play any role in deciding which substitute menu items would replace hot menu items." Id. Given this, the Magistrate Judge recommended that Morris'

motion for summary judgment be granted.

On January 23, 2012, Plaintiff filed his objections to the Findings and Recommendation. (Doc. 51) Plaintiff complains, among other arguments, that investigation into the adequacy of the meals provided could have and should have occurred immediately following the end of the prison lockdown. Id. at 2-5, 16-17. In making this argument, Plaintiff ignores that his claim was based upon the denial of adequate food and not the quality of the investigation related to his grievance.[1] Likewise, Plaintiff's continued argument that the meals served to him were nutritionally deficient (Id. at 5-8), misses the point. The Findings and Recommendation *assumed* that Plaintiff was served inadequate meals but determined that Plaintiff failed to counter Morris' evidence that he was not legally responsible because he did not have any role in determining what food items would be served to the inmates. Thus, in his opposition to the motion for summary judgment, Plaintiff failed to demonstrate–through providing admissible evidence– that Morris was responsible in any fashion for the alleged constitutional harm.

Therefore, in accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The amended findings and recommendations filed December 30, 2011, are **ADOPTED IN FULL;**

2. Judgment is granted in favor of Defendant Freddie Morris.

IT IS SO ORDERED.

**Dated:   January 24, 2012**         /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE

---

[1] Moreover, such a claim is not cognizable because there is no constitutional right to any particular grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (an inmate has no constitutional entitlement to a specific grievance procedure). Moreover, prison official's failure to process an inmate's grievance, without more, is not actionable under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).