IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSA SANAD BEIRUTI,<br><br>    Plaintiff,<br><br>    vs.<br><br>CORRECTIONS CORPORATION OF AMERICA AND ITS OFFICERS, et al.,<br><br>    Defendants. | Case No. 1:09-cv-01041 LJO JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE MATTER BASED UPON THE COURT'S LACK OF JURISDICTION |

**I.   Background**

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis with an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Court screened this matter and found that it stated cognizable Eighth Amendment claims against Defendants Sugrue, Lopez, Butt, Morris[1] and Ayers.  (Doc. 10)

Since this time, the United States Supreme Court has decided the case of Minneci v. Pollard, ____ U.S. _____; 2012 U.S. LEXIS 573 (Jan. 10, 2012).  Because Minneci determines that the Court lacks jurisdiction to determine this matter, the Court recommends that this matter be **DISMISSED**.

**II.   Allegations of the Petition**

Plaintiff alleges that while he was housed at California City by Corrections Corporation of

---

[1]Morris has been granted summary judgment.

1

America (CCA)[2], the prison underwent a lockdown from February 24, 2009 through April 7, 2009. (Doc. 1 at 4) Plaintiff was a participant in the kosher meal plan and, as a result of the lookdown, he received "brown meal bags" for each meal. Id. Plaintiff does not contend that he was not provided kosher meals. Id. Instead, he claims that brown meal bags did not contain sufficient kosher food to provide him adequate nutrition and caloric intake. Id.

Plaintiff alleges that during the lookdown, for breakfast, he was served one fresh fruit, one cup of dry cereal, two slices of bread, one cup of vitamin enriched low fat milk, three pats of margarine, one coffee packet, two jelly packets and three sugar packets. (Doc. 1 at 4) For lunch and dinner on average per week, Plaintiff was provided one serving of tuna, two boiled eggs twice per week, two servings of peanut butter and jelly, three slices of cheese twice per week, seven servings of baked beans, two cups of vegetables seven times per week, one cereal bar. Id. In addition, for each lunch and dinner meal, Plaintiff was provided four slices of bread and four pats of margarine, two packets of salad dressing[3], two packets of fortified fruit drink mix and either a piece of fruit or half a cup of canned fruit. Id. Plaintiff alleges that due to the scant food provided during this lookdown period, he lost 15 pounds. (Doc. 1 at 4) He claims that the meals failed to provide sufficient calories, vitamins and protein. Id.

In his complaint, Plaintiff alleges that each of the Defendants were legally employees of CCA and were responsible for the deprivation of adequate food. (Doc. 1 at 1)

**III.   Minneci v. Pollard**

In Minneci, the plaintiff was a federal prisoner held at a private prison operated by Wackenhut. Minneci, at 6. He sued several employees of Wackenhut based upon his claim that he had been deprived of adequate medical care and thereon, alleged a violation of the Eighth Amendment. Id.

In considering whether Bivens liability may be extended to employees of a private corporation, the Court noted that there are adequate state law tort remedies for federal prisoners held in private

---

[2] The Court takes judicial notice of the fact that CCA is a private corporation. Fed. R. Evid. 201. It is well-known that CCA is a private company. See Vermillion v. Corr. Corp. of America, 2009 U.S. Dist. LEXIS 28650 at *6 (E.D. Cal. Apr. 7, 2009); Napoleon v. Yves, 2011 U.S. Dist. LEXIS 44355 at *2 (E.D. Cal. Apr. 22, 2011); Ambat v. City & County of San Francisco, 2010 U.S. Dist. LEXIS 88003 at *7 (N.D. Cal. Aug. 25, 2010).

[3] Notably, in an attachment to the complaint, Plaintiff reported that his lunch and dinner meals contained "lettuce" which would explain why he was given salad dressing. (Doc. 1 at 7) He states in his opposition that his meals consisted of "mostly lettuce or raw cabbage." (Doc. 29 at 3) Thus, it appears that Plaintiff inadvertently omitted this meal item from his description of the lunch and dinner menus.

prisons. Minneci, at 8-21. Therefore, Minneci held,

> [W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a Bivens remedy in such a case.

Id. at 22-23.

Here, Plaintiff alleges actions that demonstrate a breach of a duty owed to him which caused him harm. Thus, this is factual similar to Minneci–where there was the denial of adequate medical care–requires this Court to conclude that there are adequate state law remedies available to Plaintiff. Thus, the Court finds that a Bivens action should not be extended here.

**IV.    Findings and Recommendation**

In accordance with the above, it is **HEREBY RECOMMENDED** that:

1.    This action be **DISMISSED** for failure to state a claim; and

2.    This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 21 days after being served with these findings and recommendations, Plaintiff may file objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). Within 14 days of the filing of any objections, Defendants may file opposition to the objections.

IT IS SO ORDERED.

Dated:   **January 27, 2012**                    /s/ Jennifer L. Thurston
                                                UNITED STATES MAGISTRATE JUDGE

3